UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ryan JONES,<br><br>                    Petitioner,<br><br>v.<br><br>Raymond MADDEN, Warden<br><br>                    Respondent. | Case No.: 18-cv-2173-LAB-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT PETITIONER'S UNOPPOSED MOTIONS FOR WITHDRAWAL AND ABEYANCE (ECF Nos. 12 & 14)** |

On September 28, 2018, the Court notified petitioner Ryan Jones that his habeas corpus petition was deficient because it contained both exhausted and unexhausted claims. (ECF No. 2, at 2.) Specifically, Jones failed to present Claims 3-6 to the California Supreme Court. (*Id.*) To remedy this defect, Jones moves to withdraw Claims 3-6 until he fully exhausts those claims in state court and to stay this federal case until that exhaustion is finalized. The Warden did not respond to or oppose these motions.

To achieve a "withdrawal and abeyance," a petitioner must (1) voluntarily withdraw his unexhausted claims, (2) ask the Court to stay the proceedings and hold the petition's fully-exhausted portion in abeyance while he returns to state court to exhaust the rest, and (3) seek permission to amend his petition to include the newly exhausted claims after exhaustion is complete. *King v. Ryan*, 564 F.3d. 1133, 1135 (9th Cir. 2009). Jones is not required to demonstrate good cause for his failure to timely exhaust. *Id.* at 1141. But the newly exhausted claims must be either timely under the statute of limitations or "relate

1

back" to the claims in the fully-exhausted petition by sharing a "common core of operative facts" with the previously exhausted claims. *Id*. (quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005)).

With his current motions, Jones has satisfied the first two requirements for withdrawal and abeyance. In those motions, he also vows that—after state review and exhaustion of Claims 3-6—he will seek to amend his original petition to include only fully exhausted claims that relate back to his original petition. Thus, the requested stay is appropriate, particularly since "an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period." *See Jackson v. Roe*, 425 F.3d 654, 659 (9th Cir. 2005).

The Court recommends that the following Order be entered:

1. Jones's unopposed motions for withdrawal and abeyance are **GRANTED**;
2. Jones's unexhausted Claims 3-6 are **DISMISSED**;
3. The remainder of Jones's habeas petition is **STAYED**; and
4. Jones must **FILE** periodic written status reports summarizing his efforts to exhaust his dismissed claims. The first report will be due by April 1, 2020, and subsequent reports will be due every three months thereafter (July 1, 2020; October 1, 2020; and so on).

Within 14 days of service of this report, the parties must file any objections to it. *See* 28 U.S.C. § 636(b)(1). The party receiving any such objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated: January 24, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge