UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN JONES,<br><br>                     Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, et al.,<br><br>                    Respondents. | Case No.: 18-cv-02173-LAB-DEB<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br>**[DKT. NO. 24]** |

Before the Court is Petitioner Ryan Jones' Motion for Appointment of Counsel. Dkt. No. 24. Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("Petition"). This action is currently stayed pending the exhaustion of Petitioner's claims (claims 3–6). Dkt. No. 18. For the reasons set forth below, Petitioner's motion is **DENIED** without prejudice.

**I.      DISCUSSION**

Petitioner requests appointment of counsel because: (1) he is unable to afford counsel; (2) he has less access to the law library due to "perpetual lock-downs;" (3) he has limited education and understanding of the law; (4) the issues in this case are complex; and (5) without counsel, Petitioner may inadvertently overlook potential claims for relief. Dkt. No. 24 at 2–4.

### A. Legal Standard

Petitioners do not have an absolute right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Nevertheless, by statute, district courts have discretion to appoint counsel in habeas proceedings for "any person financially unable to obtain adequate representation" when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

### B. Analysis

Petitioner argues the Court should appoint him counsel because he "lacks any meaningful sources of income to utilize at employing the services of experienced counsel." Petitioner's indigent status, however, does not alone entitle him to appointment of counsel. The Court must also consider Petitioner's likelihood of success on the merits and his ability to articulate his claims.

Despite Petitioner's contention that "[t]he issues raised in this matter are all very complex," a review of the record before the Court indicates Petitioner's claims appear to be the typical claims that arise in criminal appeals and habeas petitions. They are not especially complex. *See Weygandt*, 718 F.2d at 954. Additionally, Petitioner has not provided any information demonstrating his likelihood of success on the merits, and at this stage of the proceedings, the record is not sufficiently developed for the Court to make this determination.

There is no reason to conclude Petitioner lacks the ability to articulate and prosecute his claims *pro se*. Petitioner has sufficiently represented himself on multiple occasions in this action—in his Petition, Motion for Leave to Proceed *in forma pauperis*, Motions for Withdrawal and Abeyance, and the instant Motion to Appoint Counsel. Dkt. Nos. 1, 9, 12, 14, 24. Circumstances common to most prisoners, such as lack of legal education and limited law library access do not establish exceptional circumstances that would warrant

appointment of counsel. Thus, the Court finds Petitioner is capable of presenting his arguments to the Court without any assistance.

## II.   CONCLUSION

Petitioner fails to demonstrate appointment of counsel will best serve the interests of justice. Additionally, as this action is stayed, appointment of counsel is unnecessary at this time. Therefore, Petitioner's Motion to Appoint Counsel, (Dkt. No. 24), is **DENIED without prejudice**.

**IT IS SO ORDERED**.

Dated:  August 10, 2020

_____
Honorable Daniel E. Butcher
United States Magistrate Judge