UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN JONES,<br><br>                            Petitioner,<br>v.<br><br>RAYMOND MADDEN, et al. ,<br><br>                          Respondents. | Case No.: 18-cv-02173-LAB (DEB)<br><br>**ORDER DENYING DISCOVERY, AN EVIDENTIARY HEARING, AND APPOINTMENT OF COUNSEL**<br><br>**[DKT. NO. 29]** |

Before the Court is Petitioner Ryan Jones' "Motion for Discovery." Dkt. No. 29. Petitioner seeks discovery, an evidentiary hearing, and appointment of counsel. *Id*. For the reasons set forth below, Petitioner's motion is DENIED.

**I.      Discovery**

First, Petitioner requests permission to conduct discovery of a "confidential unredacted Master Chronological Index," jury identifications, subpoenas to command testimony from "Juror #10," Superior Court Judge Frazier, and his public defender. Dkt. No. 29 at 4–17. Petitioner, however, has not yet served his Petition. Discovery, therefore, is premature. Petitioner is advised, however, that parties in a habeas proceeding are "not entitled to discovery as a matter of course;" and discovery is permitted only upon a showing of good cause. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); Rule 6(a), 28 U.S.C. foll. § 2254.

1

## II. Evidentiary Hearing

Second, Petitioner requests an evidentiary hearing. A court determines whether an evidentiary hearing is warranted in a habeas proceeding *after* the respondent files an answer to the petition. Rule 8(a), 28 U.S.C. foll. § 2254 ("If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."). Petitioner's request for an evidentiary hearing is, therefore, premature. *See, e.g.*, *Lopez v. Williams*, Case No. 18-cv-00480-JCM-NJK, 2019 WL 2476733, at *4 (D. Nev. June 13, 2019) ("As the respondents have not yet answered the petition on the merits, petitioner's request for an evidentiary hearing is premature.").

## III. Appointment of Counsel

Third, Petitioner asserts that the appointment of counsel is "necessary for effective discovery and subpoena to expand the record, protect the juror's privacy, and is required by law." Dkt. No. 29 at 21. Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules 6(a), 8(c), 28 U.S.C. foll. § 2254. Because this Court has not granted discovery or an evidentiary hearing, the Court denies Plaintiff's request to appoint counsel.

**IT IS SO ORDERED**.

Dated: September 28, 2020

_____
Honorable Daniel E. Butcher
United States Magistrate Judge